# UNITED STATES DISTRICT COURT

# WESTERN DISTRICT OF LOUISIANA

# LAKE CHARLES DIVISION

| | |
|---|---|
| **RUSTY GENE LOVEJOY** | **CIVIL ACTION NO. 05-0808-LC** |
| **VS.** | **SECTION P** |
| **BURL CAIN, WARDEN** | **JUDGE TRIMBLE** |
| | **MAGISTRATE JUDGE WILSON** |

## REPORT AND RECOMMENDATION

Before the court is a petition for writ of *habeas corpus* (28 U.S.C. §2254) filed by *pro se* petitioner Rusty Gene Lovejoy on May 11, 2005.[1] Lovejoy is an inmate in the custody of Louisiana's Department of Public Safety and Corrections. He is incarcerated at the Louisiana State Penitentiary, Angola, Louisiana, where he is serving a life sentence and sentences of ten and thirty years imposed following his convictions on charges of aggravated rape, sexual battery, and aggravated burglary in Louisiana's Thirty-third Judicial District Court.

This matter was referred to the undersigned for review, report, and recommendation in accordance with the provisions of 28 U.S.C. §636 and the standing orders of the court.

## STATEMENT OF THE CASE

The petition and attached exhibit, along with the presumptively reliable published jurisprudence of the State of Louisiana establish the following relevant facts:

1. On some unspecified date petitioner was convicted of aggravated rape, sexual battery,

---

[1] What purports to be the signature of Attorney Carlton Hicks of Houma appears on petitioner's pleadings along with the directive to send all correspondence to Mr. Hicks, however, the handwriting appears to be that of the petitioner. The petition is otherwise unsigned and undated.

and aggravated burglary following trial by jury in the Thirty-third Judicial District Court. Petitioner was subsequently sentenced to life imprisonment on the rape conviction and hard labor sentences of ten and thirty years on the sexual battery and aggravated burglary convictions.

2. Petitioner appealed his convictions to the Third Circuit Court of Appeals and raised a single assignment of error, sufficiency of the evidence. On May 12, 2004, the Third Circuit affirmed petitioner's conviction in an unpublished Memorandum Opinion. See *State of Louisiana v. Rusty Gene Lovejoy*, No. 2003-1592 (La. App. 3d Cir. 5/12/2004), 874 So.2d 437. [See also Doc. 1, exhibit, slip opinion]

3. Petitioner did not seek further direct review of his conviction in the Louisiana Supreme Court. [Doc. 1, paragraph 6(c)].[2]

4. Petitioner did not file an application for post-conviction relief. [Doc. 1, paragraph 7(a)].

5. Petitioner's federal *habeas corpus* petition raises the following claims for relief: (1) Ineffective assistance of counsel; (2) No hearing on petitioner's Motion to Suppress or Preliminary Hearing; and (3) Suppression of exculpatory ("*Brady*") evidence by the State. [Doc. 1, paragraph 5].

## LAW AND ANALYSIS

Section 28 U.S.C. § 2254 states, as relevant to this proceeding:

> (b)(1) An application for a writ of *habeas corpus* on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that –
> (A) the applicant has exhausted the remedies available in the courts

---

[2] Petitioner's statement regarding further direct review by the Louisiana Supreme Court, although ambiguous, is confirmed by the absence of any published writ denial.

> of the State; or
> (B)(i) there is an absence of available State corrective process; or
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> \* \* \*
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.
> 28 U.S.C. § 2254.

The exhaustion doctrine set forth in section 2254 requires that the state courts be given the initial opportunity to address and, if necessary, correct alleged deprivations of federal constitutional rights in state cases. *Castille v. Peoples*, 489 U.S. 346, 349, 109 S.Ct. 1056, 1059, 103 L.Ed.2d 380 (1989). The doctrine serves "to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518, 102 S.Ct. 1198, 1203, 71 L.Ed.2d 379 (1982). Federal and state courts are equally obliged to guard and protect rights secured by the Constitution. Therefore, it would be inappropriate for a federal district court to upset a state court conviction without first giving the state court the opportunity to correct the alleged constitutional violation.

To have exhausted his state remedies, a federal *habeas* petitioner must have fairly presented the substance of his federal constitutional claims to the state courts. *Nobles v. Johnson*, 127 F.3d 409, 420 (5th Cir.1997), *cert. denied*, 523 U.S. 1139, 118 S.Ct. 1845, 140 L.Ed.2d 1094 (1998). Exhaustion requires that any federal constitutional claim presented to the state courts be supported by the same factual allegations and legal theories upon which the petitioner bases his federal claims. *Picard v. Connor*, 404 U.S. 270, 276, 92 S.Ct. 509, 512, 30 L.Ed.2d 438 (1971). In addition, a federal *habeas* petitioner must fairly present his constitutional claim to the highest

3

state court. *Skelton v. Whitley*, 950 F.2d 1037, 1041 (5th Cir.), *cert. denied sub nom. Skelton v. Smith*, 506 U.S. 833, 113 S.Ct. 102, 121 L.Ed.2d 61 (1992); *Richardson v. Procunier*, 762 F.2d 429, 431 (5th Cir.1985); *Carter v. Estelle*, 677 F.2d 427, 443 (5th Cir.1982), *cert. denied*, 460 U.S. 1056, 103 S.Ct. 1508, 75 L.Ed.2d 937 (1983). In Louisiana, the highest state court is the Louisiana Supreme Court. Petitioner has not presented <u>any</u> of his federal *habeas* claims to the Supreme Court of Louisiana. Therefore, it is clear that the Louisiana Supreme Court has not yet had an opportunity to review and determine the merits of petitioner's *habeas corpus* claims.

Absent a showing that state remedies are either unavailable or inadequate (such showing not having been demonstrated by plaintiff), he cannot now proceed in this court in *habeas corpus*. See 28 U.S.C. § 2254; *Fuller v. Florida*, 473 F.2d 1383, 1384 (5th Cir.1973); *Frazier v. Jones*, 466 F.2d 505, 506 (5th Cir.1972). Accordingly, dismissal of this federal *habeas corpus* proceeding for lack of exhaustion is warranted.

Petitioner is hereby advised that the federal *habeas corpus* statutes impose a one-year statute of limitations for filing *habeas corpus* petitions in federal court, see 28 U.S.C. § 2244(d), and that this provision is applicable to any subsequent petition that petitioner files in this court. Petitioner is further advised that the filing of a federal *habeas corpus* petition, such as the one filed in this case, does not toll the statute of limitations for federal *habeas* relief. *Duncan v. Walker*, 533 U.S. 167, 181-182, 121 S.Ct. 2120, 150 L.Ed.2d 251 (2001). Moreover, since the present petition raises <u>only unexhausted claims</u>, the court need not address the stay and abeyance of mixed *habeas* petitions recently addressed by the Supreme Court in *Rhines v. Weber*, --- U.S. ----, 125 S.Ct. 1528, --- L.Ed.2d---- (Mar. 30, 2005) (holding that district courts have the discretion to stay rather than dismiss, a mixed *habeas* petition containing exhausted and

unexhausted claims if the petitioner has good cause for his failure to exhaust, his unexhausted claims are potentially meritorious, and there is no indication that the petitioner engaged in intentionally dilatory litigation tactics).

Accordingly,

**IT IS RECOMMENDED** that this petition for *habeas corpus* should be **DENIED AND DISMISSED WITHOUT PREJUDICE** because petitioner's *habeas* claims remain unexhausted.

Under the provisions of 28 U.S.C. Section 636(b)(1)(C) and Rule 72(b), parties aggrieved by this recommendation have ten (10) business days from service of this report and recommendation to file specific, written objections with the Clerk of Court. A party may respond to another party's objections within ten (10) days after being served with a copy of any objections or response to the District judge at the time of filing.

**Failure to file written objections to the proposed factual findings and/or the proposed legal conclusions reflected in this Report and Recommendation within ten (10) days following the date of its service, or within the time frame authorized by Fed.R.Civ.P. 6(b), shall bar an aggrieved party from attacking either the factual findings or the legal conclusions accepted by the District Court, except upon grounds of plain error.** *See, Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

THUS DONE AND SIGNED in Chambers at Lake Charles, Louisiana, this 25th day of July, 2005.

_____
ALONZO P. WILSON
UNITED STATES MAGISTRATE JUDGE

5